Julio N. Chardón, Plaintiff and Appellee, v. Carlos Laffaye, Defendant and Appellant.

No. 5041. Argued January 16, 1931.—Decided June 15, 1932.

624

*Diego O. Marrero* for appellant.   *R. Castro Fernández* for appellee.

Mr. Justice Aldrey delivered the opinion of the Court.

This is an appeal from an order granting a preliminary injunction restraining appellant, member of a partnership in liquidation, from using for his individual benefit a deep-well pump, the property of such partnership.

The complaint herein substantially alleged that Julio N. Chardón and Carlos Laffaye formed a professional industrial

partnership, to which both contributed $20,000 in equal shares; that the partnership purchased a "Sterling" turbine pump for deep wells, in order to install it in one of four such wells, dug by the partnership at Hato Rey, Río Piedras, pursuant to a contract it had made with the Municipality of San Juan to supply water to the latter in an agreed number of gallons per minute, the pump having been installed in well No. 3 with the head thereof at No. 2 of the four already mentioned; that the said wells have not been finally delivered to the Municipality of San Juan; that the partnership has been dissolved by mutual agreement and it is now in process of liquidation; that by virtue of the dissolution of the partnership the pump is owed by the plaintiff and the defendant in common and undividedly; that, without the consent of complainant, the defendant is about to remove and transport said pump to Bayamón with the purpose in view of installing it there in a deep well for which the defendant, individually and for his own account, contracted with the Municipality of Bayamón, where the defendant will undoubtedly make alterations in the pump, which is structurally designed for final installation only, in order to use it as a trial pump, thereby causing great damage to it and considerable depreciation in its value, due to the natural waste resulting from its use as a trial pump, which must draw large quantities of sand while in operation; that the defendant will thereby cause grave and irreparable injury to the plaintiff; that the complaint has not other remedy available than the injunction for which he sues and that he has made demand upon the defendant to abstain from removing the pump and from using it elsewhere. Based on these allegations, the plaintiff prayed that the court permanently enjoin the defendant from removing the pump from Hato Rey to any other place and specially from installing it in the deep well at Bayamón and that *pendente lite* a preliminary injunction to a like effect be granted in due course; and, further, that a restraining order to the same purpose be forthwith issued.

The court then set a day for the appearance of the defendant to show cause why the preliminary injunction asked should not be granted, meanwhile restraining the defendant and commanding him not to remove the pump from the wells at Hato Rey or to transport it elsewhere or to install it in the well at Bayamón.

On the day so set the defendant appeared and demurred to the complaint. He also answered the rule to show cause alleging *inter alia* that he is utilizing the pump in question in the well at Bayamón, to which place he had removed it before the restraining order had been issued and, hence, a decision on the complaint filed would be academic. Thereupon the complainant filed a motion alleging that when notice of the restraining order was served on the defendant, the latter had not yet finished installing the pump at Bayamón, and the plaintiff moved that the defendant be punished for contempt of court and commanded to suspend immediately further use of the pump, to transport it back to the wells at Río Piedras, and to reinstall it as it formerly stood there. The court decided this motion restraining the defendant from further use of the pump at Bayamón. As to the contempt proceedings, the parties stipulated to let the decision abide the evidence to be introduced at the hearing for the preliminary injunction. After the evidence offered by the parties had been received, the court dismissed the charge of contempt against the defendant and by another order, which is the object of the present appeal, it granted the preliminary injunction asked.

The first error assigned relates to the ruling of the court extending the restraining order so as to include the use of the pump by the defendant at Bayamón, and it is claimed that such an extension is not supported by the averments of the complaint.

The fundamental purpose of the complaint is to restrain the defendant from using the pump for his individual benefit, and one of the means of preventing such use was to enjoin the

transportation of the pump to Bayamón; but since it was so removed before the defendant had been served with notice of the restraining order, the court could restrain such use, as it was empowered to do so from the beginning, under the allegations of the petition.

The second error assigned is predicated upon the overruling of the demurrer interposed by the defendant to the complaint on the ground that it does not state facts sufficient to constitute a cause of action.

As may be seen from the averments of the complaint, plaintiff and defendant formed a civil particular partnership having for its object the practice of a profession under section 1580 of the Civil Code, and it having been dissolved by agreement of the parties, the distribution of the assets among them is governed by the rules relating to the partition of inheritances, as provided by section 1610 of the same code; therefore, all partnership property existing at the time of the dissolution belongs in common and undividedly to the two partners pending liquidation of the partnership. In this connection, the judgment of August 3, 1892 of the Supreme Court of Spain cited in Cátala, *"Código Civil,"* accordingly held that, upon dissolution of a partnership by the will of the partners, the property belonging to the partnership passed to be owned in common and undividedly by the two persons who were copartners thereof. Hence, the rules provided by the Civil Code for the common ownership of property apply herein, including the one enacted by section 401, to the effect that each co-owner may use the things held in common provided he uses them in accordance with the purpose for which they are destined and in such a way as not to injure the interest of the community or prevent the co-owners from utilizing them according to their rights; that set forth in section 404, which provides that none of the co-owners shall, without the consent of the others, make any alterations in the common property, even though benefits for all may result therefrom; and that covered by section

405, in accordance with which a decision of a majority of the co-owners as to the management and enjoyment of the thing held in common shall be binding on all. Therefore, the complaint alleging that the defendant is about to use a pump in a manner different from that to which destined, to the prejudice of the community, and preventing the plaintiff from using it and making alterations therein, all against the objection of the complainant, it cannot be doubted that the petition states a cause of action. Subdivision 2 of section 1597 of the Civil Code, cited by the appellant in support of his demurrer, is inapplicable, because that paragraph refers to the management of partnership property before the dissolution; nor the similarity of its provisions with those of section 401 previously cited favors the defendant, for although it is true that the said subdivision provides that, in the absence of an agreement with regard to the management of the partnership property, each partner may use the things which form the partnership assets in accordance with the custom of the country, it also states in effect that such use will be permitted to the partner, provided he does not do so against the interest of the partnership or in such manner as to prevent the use of the property to which his copartners are entitled.

Nor is the complaint insufficient because movable property may be involved, inasmuch as an action for damages would be inadequate in view of the difficulty of establishing the extent of the injury really caused by the use of the chattel as a trial pump.

In consequence of the foregoing, it was not incumbent on the complainant, as the appellant argues, to allege defendant's insolvency, because such allegation is necessary only where the fact that the injury will be irreparable or the fact that the remedy will be inadequate depends upon the fact of such insolvency, which is not the case here.

Another objection urged against the complaint is that it is alleged therein that complainant will suffer irreparable

injury, without stating the facts from which such a conclusion may be drawn. Those facts, however, are actually stated in the complaint in alleging that the defendant is about to change the structure of the pump so as to devote the machine to a use which is different from that for which it was constructed; that because of the new use to which it will be put the pump will greatly depreciate in value, and that thus the defendant will use, without the consent of plaintiff, a property of which the latter is a co-owner. It is true, as the appellant says, that in a petition for injunction there must be alleged facts showing that the injury which the defendant may cause will be irreparable, but we think that the averment made that the defendant is about to use, for his individual and exclusive benefit, the pump, which does not belong to him alone, is a sufficient allegation in this case, mainly supported, as it is, by the deprivation of complainant's use of a pump of which he is a part owner, aside from the threatened use of the pump for a purpose other than that for which it was purchased. The exclusive appropriation by one of a thing which also belongs to another and against the will of such other co-owner, seems to us sufficient of itself to show an irreparable injury and to justify the intervention of the court, regardless of whether or not the complainant might obtain pecuniary compensation for such use by the defendant.

The appellant also argues that injunctive relief is improper in the present case because the complainant has an adequate remedy at law under subdivision 1 of section 182 of the Code of Civil Procedure, in accordance with which a receiver may be appointed by the court in an action pending between partners or others jointly owning or jointly interested in a property. Such remedy, however, would not be available in this case, because no action is pending between the parties other than the suit for injunction herein.

The third assignment of error is based on the ground that from the allegations and the evidence as a whole it appears that the acts which were sought to be enjoined by the in-

junction asked had already been executed by the defendant when the restraining order was issued.

It is true that the first restraining order was served upon the defendant after he had removed the pump to Bayamón, but we have already said that, under the averments of the complaint, the restraining order could be extended so as to enjoin the use of the pump in the deep well at that city; hence, and it not clearly appearing that when the second restraining order was served the defendant was using the pump at Bayamón, the error assigned does not exist.

The fourth error is based upon the alleged insufficiency of the evidence to support the preliminary injunction granted.

We have previously stated that the fundamental purpose of the injunction in this case is to restrain the defendant from using for his exclusive benefit a pump jointly owned by himself and the plaintiff, by making innovations or changes therein, without plaintiff's consent; and the evidence shows that the defendant made changes in the pump in order to use it in the well for which he, individually and for his sole benefit, contracted with the Municipality of Bayamón; hence, it cannot validly be contended that the evidence is insufficient in this case.

Another error assigned, the fifth, is that the lower court erred in granting the preliminary injunction because that decision was in conflict with the one acquitting Laffaye of the contempt charge brought against him by the complainant.

The fact that the defendant was acquitted of the contempt charge based upon his removal of the pump to Bayamón does not necessarily show that the injunction order was not justified. The decision in the contempt proceedings might have been erroneous. We believe, however, that it was justified and that it does not conflict with the order restraining the use of the pump, because what was originally prohibited to the defendant was his removing the pump to Bayamón, and such removal had already been accomplished when the first restraining order was served on him.

The last error assigned is that the order granting the injunction is contrary to law. The error is predicated upon the fact that in the deed dissolving the partnership and placing it in liquidation it was stipulated that all disputes, disagreements, or differences of opinion between the liquidators would be submitted to arbitration. In accordance with another provision of that deed, both partners were to manage the liquidation and neither of them could act separately.

In our judgment, no difference of opinion, dispute, or disagreement between the liquidators with respect to the use of the pump during the liquidation exists in this case, but only the appropriation of the pump by one of the co-owners and liquidators for his exclusive benefit by making structural alterations therein, all against the will of the other co-owner and liquidator; hence, such a situation is not covered by the stipulation cited and does not preclude the interposition of the injunction asked and granted.

Such unauthorized use is the controlling and important fact in this case and, therefore, it is of no importance here that the complaint did not allege—while the evidence showed —that the complainant was a bidder at the auction for the construction of the deep well at Bayamón which was awarded to the defendant; nor that the deprivation of defendant's use of the pump at Bayamón might entail prejudice to the community of property above mentioned, as the defendant should not have counted for said construction work upon the pump, the use of which was not consented to by the co-owner thereof.

The order appealed from must be affirmed.

Mr. Justice Córdova Dávila took no part in the decision of this case.